# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| CHRIS IANNOTTI, Individually and for Others Similarly Situated,<br><br>v.<br><br>WOOD GROUP MUSTANG | Case No. 3:20-cv-958<br><br>Rule 23 Class Action<br><br>FLSA Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1. Wood Group Mustang (Wood Group) does not pay overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Wood Group paid Chris Iannotti, and other workers like him, a flat amount for each day worked, regardless of the number of hours worked, with no overtime compensation in violation of the FLSA, and the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("IWPCA") (collectively, the "IWA").

3. Iannotti brings this collective action to recover unpaid overtime and other damages owed to him and other workers like him under the FLSA and the IWA.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

## THE PARTIES

7. Iannotti was a day rate employee of Wood Group.

8. For most of his employment, Wood Group paid Iannotti a day rate with no overtime compensation.

9. Iannotti's written consent is attached.

10. Iannotti brings this action on behalf of himself and all other similarly situated personnel who worked for Wood Group and were paid a day rate with no overtime.

11. The class of similarly situated employees or members sought to be certified as a collective action under the FLSA is defined as:

12. All employees Wood Group paid according to its "day rate" scheme in the past 3 years (the "FLSA Class").

13. Iannotti seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

14. Iannotti further seeks certification of a class under FED. R. CIV. P. 23 to remedy Wood Group's violations of the IMWL and IWPCA for those day-rate workers who worked unpaid overtime in Illinois.

15. The class of similarly situated employees sought to be certified as a class action under the IMWL and IWPCA is defined as:

> **All Illinois employees Wood Group paid according to its "day rate" scheme in the past 10 years (the "Illinois Class").**

16. Wood Group is a for-profit company that delivers project management, construction management, engineering and procurement services to the offshore, onshore, oil sands, pipeline, refining, chemicals, industrial and automation sectors, operating in countries throughout Africa, Asia, Europe, the Middle East, Latin America and North America.

17. Wood Group may be served with process by serving its registered agent.

## COVERAGE UNDER THE FLSA AND IWA

18. Wood Group is (or was) a subdivision of John Wood Group PLC, an international organization that operates around the world and in states across the country, including Illinois.

19. Wood Group is part of an FLSA "enterprise" with an annual gross volume of sales in excess of $50 million in each of the past 3 years.

20. Wood Group is part of enterprise that is engaged in commerce and/or in the production of goods for commerce.

21. Wood Group is part of enterprise with dozens of workers who handle, sell, or otherwise work on goods or materials, such as phones, hand tools, automobiles, and computers, that have been moved in or produced for commerce.

22. Wood Group is subject to the requirements of the FLSA and the IWA.

23. At all relevant times, Wood Group has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, Wood Group was and is an employer within the meaning of the IWA.

25. At all relevant times, Iannotti was an employee within the meaning of the IWA.

26. At all relevant times, Iannotti and the Members of the FLSA and Illinois Classes were engaged in commerce or in the production of goods for commerce.

## FACTS

27. Iannotti started working for Wood Group in January of 2015.

28. Iannotti stopped working for Wood Group in March 2020.

29. Wood Group employed Iannotti as a Land Agent.

30. Iannotti worked for Wood Group in Missouri, Illinois, Indiana, and Arkansas.

31. Wood Group paid Iannotti a flat rate for each day worked.

32. If Iannotti worked fewer than 40 hours in a week, Wood Group only paid him his flat rate for the number of days he worked.

33. But Iannotti normally worked more than 40 hours in a week.

34. Iannotti usually worked 10+ hours a day, six days a week.

35. As a result, Iannotti often worked more than 60 hours in a workweek.

36. However, Wood Group never paid Iannotti overtime for hours worked in excess of 40 in a workweek.

37. Under its "day rate" payment scheme, Wood Group paid Iannotti the Members of the FLSA and Illinois Classes a flat sum for each day worked, regardless of the number of hours they worked in that workweek.

38. Wood Group did not pay them with overtime for hours worked in excess of 40 in a week.

39. This "day rate" scheme violates the FLSA and the IWA. *See, e.g.,* 29 U.S.C. § 778.112.

40. Wood Group has known about the FLSA's overtime requirement since at least 2012.

41. In 2012, the Department of Labor found the Wood Group was violating the FLSA.

42. Wood Group nonetheless failed to pay day rate employees, such as Iannotti, overtime.

43. Iannotti and the other workers like him were never paid on a salary basis. They never received any guaranteed weekly compensation from Wood Group irrespective of days worked.

44. Wood Group's failure to pay overtime to Iannotti, and the other workers like him, was, and is, a willful violation of the FLSA.

## CAUSES OF ACTION

45. By failing to pay Iannotti and those similarly situated to him overtime at one-and-one-half times their regular rates, Wood Group violated the FLSA's and the IWA's overtime provisions.

46. Wood Group owes Iannotti and those similarly situated to him overtime pay at the proper overtime rate.

47. Because Wood Group knew, or showed reckless disregard for whether, its pay practices violated the FLSA and IWA, it owes these wages for at least the past three years or longer.

48. Wood Group is liable to Iannotti and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

49. Iannotti and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

50. Pursuant to 820 ILCS 105/12(a), Iannotti and the Illinois Class are entitled to recover treble the amount of unpaid overtime wages together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such unpaid overtime wages for each month following the date of payment during which such underpayments remain unpaid.

### COLLECTIVE & CLASS ALLEGATIONS

51. Wood Group's illegal "day rate" policy extends well beyond Iannotti.

52. Wood Group's "day rate with no overtime" payment plan is the "policy that is alleged to violate the FLSA" in this FLSA collective action.

53. Wood Group has paid dozens, if not hundreds, of workers according to the same unlawful scheme.

54. Any differences in job duties do not detract from the fact that these day rate workers were entitled to overtime pay.

55. The workers impacted by Wood Group's "day rate with no overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

56. Iannotti brings his claims under the IMWL (820 ILCS 105 et seq.) and IWPCA (820 ILCS 115/1 et seq.) as a Rule 23 class action.

57. The conduct alleged herein violates the IWA.

58. At all relevant times, Wood Group was subject to the requirements of the IWA.

59. At all relevant times, Wood Group employed Iannotti and the Illinois Class as "employees" within the meaning of the IWA.

60. The IWA requires employers like Wood Group to pay employees at 1 and ½ times their regular rate of pay for hours worked in excess of forty hours in any one week.

61. Iannotti and the Illinois Class Members are entitled to overtime pay under the IWA.

62. Iannotti and the Illinois Class Members are entitled to recover their unpaid overtime compensation, treble damages, penalty damages, liquidated damages, interest, attorney's fees, costs, and expenses of this action from Wood Group, as provided by the IWA.

63. Numerous individuals were victimized by this pattern, practice, and policy in violation of the IWA.

64. Wood Group's failure to pay wages and overtime compensation at the rates required by Illinois state law results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Members of the Illinois Class.

65. Common issues of fact and law exist between Iannotti and the Illinois Class Members.

66. Iannotti's experiences are typical of the experiences of the Members of the Illinois Class.

67. Iannotti has no interest contrary to, or in conflict with, the Members of the Illinois Class.

68. Like each Illinois Class Member, Iannotti has an interest in obtaining the unpaid overtime wages owed to him under Illinois law.

69. Upon information and belief, Wood Group employed more than 40 Class Members in Illinois during the relevant period.

70. The precise size and the identity of the members of the Illinois Class, is ascertainable from the business records, tax records, and/or employee or personnel records maintained by Wood Group.

71. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

72. Absent this action, many Members of the Illinois Class likely will not obtain redress of their injuries and Wood Group will reap the unjust benefits of violating the IWA.

73. The questions of law and fact common to the Members of the Illinois Class predominate over any questions affecting solely the individual members.

74. Among the common questions of law and fact are:

   a. Whether Wood Group's day rate pay practice meets the salary-basis test;

   b. Whether Wood Group's decision to not pay time and a half for overtime to the Members of the Illinois Class violated the IWA; and,

   c. Whether Wood Group's illegal pay practices were applied uniformly to all Members of the Illinois Class.

## PRAYER

Iannotti prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all day rate employees who did not receive overtime;

2. An Order designating the Illinois Class as a class action pursuant to FED. R. CIV. P. 23;

3. Judgment awarding Iannotti and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

4. Judgment awarding Iannottie and the Illinois Class recover treble the amount of unpaid overtime wages together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such unpaid overtime wages for each month following the date of payment during which such underpayments remain unpaid;

5. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

6. All such other and further relief to which Iannotti and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
    Richard J. (Rex) Burch
    Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Douglas M. Werman
**WERMAN SALAS P.C.**
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

## CONSENT TO JOIN WAGE CLAIM

Print Name: Chris Iannotti

1. I hereby consent to participate in a collective action lawsuit against **Wood Group** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: *[DocuSigned by: Chris Iannotti — 9D65918C7CEB443]*