IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRIS IANNOTTI, individually and for others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 20-cv-958-DWD ) |
| WOOD GROUP MUSTANG, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Chris Iannotti, individually and on behalf of others similarly situated, brings this complaint against Defendant Wood Group Mustang, alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Illinois Wage Payment and Collection Act ("IWPCA"). Plaintiff seeks to bring the FLSA claim as a nationwide collective action under 29 U.S.C. § 216(b), and the Illinois-law claims as a class action under Federal Rule of Civil Procedure 23.

Now before the Court is Defendant's Partial Motion to Dismiss (Doc. 22). Defendant moves to dismiss Plaintiff's IWPCA claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and moves to dismiss Plaintiff's FLSA claim for a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiff timely opposed the Motion (Doc. 37), and the parties also submitted supplemental briefing (Doc. 40; Doc. 41). On June 1, 2021, the Court held a hearing on Defendant's Motion. At the hearing,

1

the Court denied Defendant's motion to dismiss for failure to state a claim.[1] The Court took the remaining arguments under advisement (Doc. 46). Having considered the parties' arguments, and as further detailed below, Defendant's motion to dismiss for lack of personal jurisdiction will be denied without prejudice to renewal after a ruling on conditional certification.

**Background**

Defendant moves to dismiss Plaintiff's FLSA claim for a lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant does not seriously dispute this Court's personal jurisdiction over the claims brought by the named plaintiff, Iannoti, but instead contends that the Court lacks personal jurisdiction over potential claims brought by employees who did not live or work in Illinois (the "out-of-state opt-ins")[2]. When challenged, Plaintiff bears the burden of establishing personal jurisdiction. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Where, as here, the Court rules on a motion to dismiss "based on the submission of written materials without holding an evidentiary hearing, Plaintiff 'need only make out a *prima facie* case

---

[1] For the purposes of this Order, the Court notes that to survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must include enough factual content to give the opposing party notice of what the claim is and the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). After reviewing the allegations in Plaintiff's Complaint, the Court concluded that Plaintiff's allegations sufficiently apprise Defendant of the claims against it and state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 (stating that to survive a motion to dismiss, a complaint must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The motion to dismiss for failure to state a claim was therefore denied.

[2] The FLSA authorizes collective actions by employees on behalf of "similarly situated" employees. 29 U.S.C. § 216(b). Unlike class actions under Fed. R. Civ. P. 23, collective actions under the FLSA require "would-be members of the collectively to opt in (i.e., voluntarily join)" the action. *DeKeyser v. Thyssenkrupp Waupaca, Inc.*, 860 F.3d 918, 920 (7th Cir. 2017); *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 771-72 (7th Cir. 2013).

of personal jurisdiction.'" *Id.* (citing *Purdue Res. Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002)); *see also Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 392-393 (7th Cir. 2020). Further, the Court takes as true all well-plead facts in the Complaint and resolves any factual disputes in Plaintiff's favor. *Greving*, 743 F.3d at 491; *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).

As alleged in Plaintiff's Complaint, Plaintiff filed suit against Defendant for Defendant's alleged failure to pay overtime compensation (Doc. 1). According to Plaintiff, Defendant is an international organization operating around the world, and in states across the country, including Illinois (Doc. 22, ¶ 18)[3]. While employed by Defendant, Plaintiff worked for Defendant in Arkansas, Illinois, Indiana, and Missouri (Doc. 1, ¶ 30). Plaintiff alleges that he, and others similarly situated, worked as day rate employees of Defendant, and were paid a flat amount for each day worked, regardless of the number of hours worked (Doc. 1, ¶¶ 2, 31-38). As a result of this "day rate scheme", Plaintiff was not paid overtime compensation for hours worked over 40 in a work week (Doc. 1, ¶¶ 2, 31-38).

---

[3] Plaintiff generally alleges that Defendant has sufficient contacts with Illinois to establish specific personal jurisdiction over Defendant (Doc. 1; Doc. 37), however Plaintiff does not specifically provide factual allegations against Defendant so to establish general personal jurisdiction (Doc. 1); *see also* Doc. 14, p. 8 (Defendant argues that the Complaint does not allege that Defendant is incorporated under the laws of the State of Illinois, or that Defendant's principal place of business is in Illinois, or that Defendant has "continuous and systemic contact" with Illinois so to establish general personal jurisdiction).

**Discussion**

This case involves claims under both federal law and state law, so this Court's jurisdiction rests on a federal question, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367. *See Curry*, 949 F.3d at 393. "In a case involving federal question jurisdiction, 'a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant.'" *Curry*, 949 F.3d at 393 (citing *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010)).

As the FLSA does not authorize nationwide service of process[4], this Court may only exercise personal jurisdiction over Defendant if "authorized by Illinois law and by the United States Constitution." *Curry*, 949 F.3d at 393 (citing Fed. R. Civ. P. 4(k)(1)(A)); *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010); *Tamburo*, 601 F.3d at 699 ("Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state"). The Illinois long-arm statute provides that a court may "exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and by the United States Constitution." 735 ILCS 5/2-209(c); *see also Curry*, 949 F.3d at 393 (the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause); *Mobile Anesthesiologists*, 623 F.3d at 443 ("there is no operative difference

---

[4] *See Zimmerman v. JWCF, LP*, 2011 WL 4501412, at *5 (N.D. Ill. Sept. 28, 2011) (citing *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992)); *see also* 29 U.S.C. § 216(b).

4

between" the constitutional limits of the Illinois Constitution and the United States Constitution in terms of subjecting a defendant to personal jurisdiction).

Although two types of personal jurisdiction (general and specific) exist, here the parties focus only on specific personal jurisdiction (*see* Doc. 22, p. 7; Doc. 38, p. 9). For specific personal jurisdiction, "the defendant[s'] contacts with the forum state must directly relate to the challenged conduct or transaction." *Dworkin*, 601 F.3d at 702. "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705–06 (7th Cir. 2019) (citing *Tamburo*, 601 F.3d at 702 (relying on *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

Defendant does not specifically object to this Court's personal jurisdiction over the claims brought by Plaintiff and potential Illinois opt-ins (*See* Doc. 22, p. 8). However, Defendant argues that specific jurisdiction is lacking over potential claims brought by employees who did not live or work in Illinois, i.e. the out-of-state opt-ins. In support, Defendant argues that *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017) ("*Bristol-Myers*") applies here. *Bristol-Myers* involved an aggregate mass tort action arising under California law, where there was no connection between the forum state (California) and the specific claims asserted by non-resident plaintiffs. *Bristol-Myers*, 137 S.Ct. at 1781. Accordingly, the high court held that the state court lacked specific

jurisdiction over the non-resident plaintiffs' claims asserted against non-resident defendants. *Id.* at 1777.

Here, Defendant compares Plaintiff's FLSA claims to the collective action in *Bristol-Myers* and argues that the party status of the non-Illinois opt-ins requires each potential opt-in plaintiff to establish personal jurisdiction over their claims against Defendant. Specifically, Defendant argues that because the non-Illinois opt-ins would be considered full parties to the FLSA lawsuit upon consent[5], then *Bristol-Myers* requires each potential opt-in plaintiff to show minimum contacts between Defendant and the forum state, Illinois. Defendant further argues that a motion to dismiss is a proper stage at which to raise this personal jurisdiction argument because jurisdiction is a threshold matter.

Plaintiff, however, likens the representative nature of FLSA claims to Rule 23 class actions. More specifically, Plaintiff maintains that the claims of the opt-in plaintiffs are established solely by the named Plaintiff. In other words, once personal jurisdiction is established for the claims of the named Plaintiff, Iannoti, then personal jurisdiction over Defendant exists without further analysis into the potential opt-ins. Alternatively, Plaintiff argues that any jurisdictional analysis over the out-of-state opt-ins should be made after conditional certification once potential opt-ins are identified and elect to join this matter.

---

[5] *See Weirbach v. Cellular Connection, LLC*, 2020 WL 4674127, at *5 (E.D. Pa. Aug. 12, 2020) ("The FLSA makes opt-ins parties to the lawsuit. The statute states that no 'employee shall be a *party* plaintiff to any such action unless he gives his consent in writing to become such a *party* and such consent is filed in the court in which such action is brought.' Section 216(b) is a 'rule of joinder giving legal status to individual opt-in plaintiffs.'") (citing 29 U.S.C. § 216(b)) (internal citations and markings omitted)).

6

In support, Plaintiff argues that *Bristol-Myers* has no bearing on the exercise of personal jurisdiction by federal courts because it did not address the due process limits of the Fifth Amendment. *See Bristol-Myers*, 137 S.Ct. at 1783-84 ("Since our decision concerns the due process limits on the exercise of specific jurisdiction by a State, we leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."); *see also Mussat v. IQVIA, Inc.*, 953 F.3d 441 (7th Cir. 2020) (confirming that the question of whether *Bristol-Myers* extended to federal courts at all was "expressly reserved."). Further, the Seventh Circuit recently held that *Bristol-Myers* is not applicable to nationwide *class actions* filed in federal court under federal statutes. *Mussat*, 953 F.3d at 441. Plaintiff also contends that applying *Bristol-Myers* to FLSA collective actions would trespass on the broad remedial and representative nature of the FLSA, which was designed to "address employment practices nationwide" and "limit duplicative lawsuits where numerous employees have been harmed by the same employers." *See Waters v. Day & Zimmerman NPS, Inc.*, 464 F.Supp.3d 455, 460-61 (D. Mass 2020), *motion to certify appeal granted*, 2020 WL 4754984 (D. Mass. Aug. 14, 2020).

Following *Bristol-Myers* and *Mussat*, the question remains whether *Bristol-Myers* applies to a nationwide *collective* action filed in federal court under a federal statute. This issue has resulted in a nationwide district-court split, with district courts across the country taking various approaches. S*ee O'Quinn v. TransCanada USA Servs, Inc.*, 469 F.Supp.3d 591, 613 (S.D.W. Va. 2020) (collecting cases); *Green v. Verita Telecommunications Corp.*, 2021 WL 2227379, at *4-*5 (N.D. Ohio June 2, 2021) (collecting cases). The majority

of district courts have concluded – either at the motion to dismiss stage or on a motion for conditional certification – that *BMS* does not apply to FLSA collective actions. *See Knecht v. C&W Facility Servs, Inc.*, --F.Supp.3d--, 2021 WL 1572795, at *4 (S.D. Ohio Apr. 20, 2021) (noting that the majority of district courts have found that *BMS* does not apply); *O'Quinn*, 469 F.Supp.3d at 613 (collecting cases).[6]

In distinguishing *Bristol Myers*, some district courts rely on the unique nature of FLSA actions in holding that only the dynamics between the *named* plaintiff and defendant matter for establishing jurisdiction. *See O'Quinn,* 469 F.Supp3d at 614 ("So long as the named plaintiff in an FLSA action was injured in the forum state by the defendant's conduct then the 'suit' arises out of or relates to the defendant's contacts with the forum"); *Waters*, 464 F.Supp.3d at 460-61 ("In the mass tort context, each individual plaintiff is a real party in interest and therefore a Court must have jurisdiction over each plaintiff. In contrast, in an FLSA collective action the suit is between the named plaintiff and the defendant. That other members of a putative class in the FLSA action must opt-in does not change the dynamics of suit which remains between the plaintiff and defendant.").[7]

---

[6] But see *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 849–50 (N.D. Ohio 2018) (*Bristol-Myers* "applies to FLSA claims, in that it divests courts of specific jurisdiction over [out-of-state plaintiffs] against [the out-of-state defendant]"); *Hutt v. Greenix Pest Cntr'l*, 2020 WL 6892013 (S.D. Ohio Nov. 24, 2020) (finding "that exercising personal jurisdiction over [out-of-state defendant] with respect to any [out-of-state] putative class members' FLSA claims would violate due process"); *Greinstein v. Fieldcore Servs. Solutions, LLC*, 2020 WL 6821005 (N.D. Tex. Nov. 20, 2020) ("Opt-in plaintiffs under the FLSA are no different than out-of-state plaintiffs who joined the mass tort actions at issue in *Bristol-Myers*."); *Weirbach*, 2020 WL 4674127, at *5.

[7] See also, *Hammond v. Floor & Décor Outlets of Am., Inc.*, 2020 WL 2473717, at *13 (M.D. Tenn. May 13, 2020) ("'[A]ll that is needed to satisfy the requirement of personal jurisdiction in an FLSA collective action' is a finding that 'the defendant is subject to personal jurisdiction in [the forum] to claims brought by the sole

Other courts, including one in this circuit, have declined to consider this issue prior to conditional certification. *See Parker v. IAS Logistics DFW LLC*, 2021 WL 170788, at *3 (N.D. Ill. Jan. 1, 2021); *Green*, 2021 WL 2227379, at *4-*5 (citing *Knecht*, 2021 WL 1572795, at *4 (declining to consider personal jurisdiction at the conditional certification stage, noting that it is "unclear whether any out-of-state opt-ins will even join the suit"); *Warren v. MBI Energy Servs., Inc.*, 2020 WL 5640617, at *2 (D. Colo. 2020) (addressing the application of *Bristol-Myers* at the conditional certification stage "puts the proverbial cart before the horse"); *Belt v. P.F. Chang's China Bistro, Inc.*, 2020 WL 3829026, at *7– 8 (E.D. Pa. 2020) ("[T]he Court cannot decide whether it has jurisdiction over individuals who have not yet opted-in because they are not parties to the collective action")).

While the Seventh Circuit's language in *Mussat* clarifies the distinction between nationwide class actions filed in federal court under federal law from mass-tort actions based in state law, it is not clear whether the Seventh Circuit would likewise agree that class actions and collective actions are sufficiently similar for the personal-jurisdiction analysis *See Parker*, 2021 WL 170788, at *3 (the Seventh Circuit's language in *Mussat* "distinguishing nationwide Rule 23 class actions filed in federal court under federal law from a mass-tort action based in state law appears to indicate that the Seventh Circuit would agree that *Bristol-Myers* also does not apply here – ***provided that class actions and collective actions are deemed to be sufficiently similar for the personal-jurisdiction analysis***.") (emphasis supplied). Moreover, although the similarities used for certifying

---

named plaintiff.'"); *Aiuto v. Publix Super Markets, Inc.*, 2020 WL 2039946, at *5 (N.D. Ga. Apr. 9, 2020) (*Bristol-Myers* "does not divest the Court of personal jurisdiction, regardless of where the opt-in plaintiffs may have suffered their alleged injuries.").

9

collective and class actions are similar, *see Espenscheid*, 705 F.3d at 772, the two actions are still "fundamentally different." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013).

Accordingly, at this juncture, the Court is persuaded by those courts which have declined to reach the question of personal jurisdiction before individuals have even been given notice of the collective action and an opportunity to op-in. *See Parker*, 2021 WL 170788, at *3; *Knecht*, 2021 WL 1572795, at *4 (declining to consider the issue of personal jurisdiction at conditional certification, in part, because "[o]pt-in plaintiffs can be dismissed at subsequent stages of the litigation if Defendant re-raises the issues of personal jurisdiction . . . after the close of the opt-in period."). As some courts have persuasively reasoned, this approach aligns with how other jurisdictional disputes are typically handled: "Defendants generally cannot preemptively prevent a party from joining a suit due to lack of jurisdiction; they must wait until the party attempts to join, then move for dismissal." *Knecht*, 2021 WL 1572795, at *4. Because it is currently unclear whether any out-of-state opt-ins will even join the suit, the Court finds that this personal jurisdictional analysis should take place after a ruling on the motion for conditional certification.

Defendant's motion to dismiss for lack of personal jurisdiction is therefore **DENIED, without prejudice**.

**SO ORDERED.**

Dated: July 6, 2021

———————————————
DAVID W. DUGAN
United States District Judge

10