IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRIS IANNOTTI, individually and for others similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) ) | |
| vs. ) ) ) | Case No. 20-cv-958-DWD |
| **WOOD GROUP MUSTANG,** ) ) ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

This matter comes before the Court for case management purposes. On May 20, 2022, the Court conditionally certified this action to proceed as a collective action pursuant to 29 U.S.C. § 216(b). The Court authorized Plaintiff Chris Iannotti to send notice under § 216(b) of the FLSA to all employees of Wood Group paid according to its day rate pay plan in the past three years with a connection to the State of Illinois, although it reserved ruling on the content and format of that notice (Doc. 61).[1]

After considering the joint proposed notice submitted by the parties, the Court **APPROVES** the proposed notice and **ORDERS** that notice under § 216(b) shall be given in the form of the notice submitted by the parties. The Court further **ORDERS** that all consents must be filed in this case within 90 days of the first date the notice is mailed.

---

[1] "The Court has both the power and the duty to ensure that the notice is fair and accurate, [but] that power should not be used to alter plaintiffs' proposed notice unless such alternation is necessary." *Pizano v. Big Top Party Rentals, LLC*, No. 15-CV-11190, 2018 WL 2193245, at *9 (N.D. Ill. May 14, 2018) (citing *King v. ITT Continental Baking Co.*, 1986 WL 2628, at * 3 (N.D. Ill. Feb. 18, 1986).

1

Within seven days after the deadline for filing consents, Plaintiff is **DIRECTED** to file a final notice setting forth a list of all plaintiffs who have joined in this case. The list shall be in the following format:

| Name (Last, First; in alpha order) | Date consent filed | Docket number of consent |
|---|---|---|
|  |  |  |
|  |  |  |

Finally, in the Court's May 20, 2022 Order, the Court tolled the claims of all potential opt-in plaintiffs, as further defined in that Order, effective from May 4, 2022 until the later of: (1) 30-days from the entry of the orders denying the petitions for writ of certiorari in *Waters* (Supreme Court Docket No. 21-1192) and *Canaday* (Supreme Court Docket No. 21-1098), or (2) 30-days from the issuance of the corresponding opinion(s) from the United States Supreme Court (Doc. 61). On June 6, 2022, the United States Supreme Court denied both petitions. *See Day & Zimmerman NPS, Inc. v. Waters, John*, No. 21-1192, 2022 WL 1914117 (U.S. June 6, 2022); *Canaday, Laura v. Anthem Companies, Inc.*, No. 21-1098, 2022 WL 1914113 (U.S. June 6, 2022). Accordingly, the tolling period defined in the Court's May 20, 2022 Order (Doc. 61) shall **TERMINATE** on **July 6, 2022**, and the parties are relieved of their obligation to file status reports concerning the petitions for writ of certiorari in *Waters* and *Canaday* (*See* Doc. 61).

**SO ORDERED.**

Dated: June 6, 2022        /s *David W. Dugan*
    _____
    DAVID W. DUGAN
    United States District Judge