IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRIS IANNOTTI, individually and for others similarly situated,** ) ) ) **Plaintiff,** ) ) vs. ) ) **WOOD GROUP MUSTANG,** ) ) **Defendant.** ) | Case No. 20-cv-958-DWD |

**ORDER APPROVING FLSA ACTION SETTLEMENT**

**DUGAN, District Judge:**

This matter comes before the Court on the Joint Motion for Settlement Approval filed by the parties, Plaintiff Chris Iannotti and Defendant Wood Group Mustang (Doc. 81). After reviewing the Settlement Agreement (Doc. 80-1) *in camera*, and for the reasons detailed below, the Court will approve the settlement and grant the parties' joint motion (Doc. 81).

Discussion

On September 18, 2020, Plaintiff Iannotti brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, the Illinois Minimum Wage Act ("IMWL"), 820 Ill. Comp. Stat. Ann. 105/1, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 Ill. Comp. Stat. Ann. 115/1 (Doc. 1). Plaintiff alleged that Defendant failed to comply with the FLSA and IMWL in relation to overtime compensation, and further alleged that he was entitled to damages pursuant to the IWPCA based on Defendant's alleged failure to comply with the FLSA and/or IMWL. Plaintiff sought

1

unpaid back wages for overtime hours allegedly worked, liquidated damages, pre- and post-judgment interest, and attorney's fees, expenses, and costs. Defendant has at all times denied any liability or wrongdoing, and disputes Plaintiff's claims. Defendant, without admitting or conceding any liability, has agreed to settle this lawsuit in order to avoid the expense and risks associated with continued litigation.

The parties now seek Court approval under the FLSA. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (*citing Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Lab., Emp. Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352–53 (11th Cir. 1982) (FLSA settlements must be approved by the Court or Department of Labor). "The Seventh Circuit has not addressed the question of whether stipulated agreements under the FLSA require court approval, but district courts in the Seventh Circuit routinely require such approval." *Mollett v. Kohl's Corp.*, No. 21-CV-707-PP, 2022 WL 4641082, at *2 (E.D. Wis. Sept. 30, 2022) (collecting cases). Cf. *Farber v. Riestererblend, Inc.*, No. 1:22-CV-17-HAB, 2022 WL 17741830, at *1 (N.D. Ind. Dec. 5, 2022) ("FLSA collective action settlement agreements require judicial approval.").

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement" *Mollett*, 2022 WL 4641082, at *2 (citing *Castillo v. Noodles & Co.*, No. 16-CV-03036, 2016 WL 7451626, at *1 (N.D. Ill. Dec. 23, 2016)); *see also Farber*, 2022 WL 17741830, at *1 ("A reviewing court normally approves a settlement where it is based on 'contentious arm's-length negotiations, which were undertaken in good faith by counsel' and where 'serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further

2

relief after protracted and expensive litigation.'"); *Winking v. Smithfield Fresh Meats Corp.,  No. 1:22-CV-01937, 2022 WL 16706898, at *1 (N.D. Ill. Nov. 4, 2022)* ("Courts approve [FLSA] settlements when they are reached as a result of arm's-length negotiations to resolve bona fide disputes.").

The Court has reviewed the parties' Settlement Agreement (Doc. 80-1) *in camera* and **FINDS** that the Settlement Agreement reflects a reasonable compromise of a bona fide dispute and is fair and reasonable. Accordingly, the Court **APPROVES** the parties' Settlement Agreement, and **GRANTS** the parties' Joint Motion for Settlement Approval (Doc. 81). Further, for good cause shown, the parties' Joint Motion to File Settlement Agreement Under Seal is **GRANTED**. The parties' Settlement Agreement at Doc. 80-1 shall remain **SEALED** until further order of the Court. This action is hereby **DISMSISED, with prejudice**. The Clerk of Court shall enter judgment accordingly and close this case.

    **SO ORDERED.**

    Dated: September 25, 2023

                                                       /s/ David W. Dugan
                                                       DAVID W. DUGAN
                                                       United States District Judge